Marc A. Karish (State Bar No. 205440)
marc.karish@kb-ip.com
Bruce G. Chapman (SBN 164258)
bruce.g.chapman@kb-ip.com
KARISH & BJORGUM, PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010

Attorneys for Defendant
and Counterclaim Plaintiff
YA YA CREATIONS, INC.

**REDACTED**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC.<br><br>Plaintiff,<br><br>v.<br><br>YA YA CREATIONS, INC., BALSA CIRCLE, LLC, LEILANI WHOLESALE, CHAIR COVER FACTORY, INC., AND CHICAGO CHAIR COVERS, INC.<br><br>Defendants.<br><br>YA YA CREATIONS, INC.<br><br>Counterclaimant,<br><br>v.<br><br>OPULENT TREASURES, INC.<br><br>Counterdefendant. | Case No. 2:22-cv-02616-SSS-JC<br><br>**DEFENDANT YA YA CREATIONS, INC.'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIALS FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**[L.R. 56]**<br><br>Date:  April 21, 2023<br>Time:  2:00 PM<br>Courtroom: 2<br><br>Pretrial Conference: June 20, 2023<br>Trial Date: July 10, 2023 |

1

1  PURSUANT TO LOCAL RULE 56 AND THIS COURT'S SCHEDULING

2  AND CASE MANAGEMENT ORDER, DEFENDANT YA YA CREATIONS,

3  INC. submits this Response to the Statement of Genuine Disputes in support of its

4  motion for summary judgment.

5

6  **RESPONSE TO STATEMENT OF GENUINE DISPUTES**

7  **OF MATERIAL FACT**

8

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| 1.    Plaintiff Opulent Treasures, Inc. ("Opulent" or "Plaintiff") has no survey evidence showing that any of its alleged product configuration trade dresses are associated with Opulent.<br><br>Karish Dec., Exh. A (Opulent Deposition Transcript), at 158:21-159:8. | Disputed. ▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ ▮▮▮▮  the surveyed individuals would have to have associated certain product configuration trade dresses with Opulent in order to be subject to this confusion. Declaration of Carol Wilson ("Wilson Decl."), ¶ 9, | Rhonda Harper's Survey is inadmissible hearsay pursuant to FRE 801, because it is not submitted under penalty of perjury.<br><br>Additionally, Rhonda Harper's survey was to measure likelihood of confusion NOT whether any of the alleged product configuration trade dresses are associated with Opulent. (Supplemental Declaration of Marc Karish, Exh. K (Harper |

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| | Exhibit 2 [HLCR Report] | Deposition Transcript) at p. 17:10-18:2).) |
| 2.    Plaintiff has no records of any advertising expenses for any products prior to 2014.<br><br>Karish Dec., Exh. C Second Amended Responses to Defendants First Set of Rogs, p. 11, lines 13-14. | Partially disputed, as to the following: Undisputed that Opulent no longer has records of advertising expenses prior to 2014. Disputed that this is evidence Plaintiff did not make expenditures on advertising of the products prior to 2014.<br>Wilson Decl., ¶ 5. | The alleged fact is undisputed. The "disputed" portion of Plaintiff's response is merely legal argument related to a fact that was not alleged and should be ignored. |
| 3.    Plaintiff does not know how much was spent advertising any specific one of its products.<br><br>Karish Dec., Exh. A (Opulent Deposition Transcript), at 91:3-18. | Undisputed that Plaintiff did not keep an accounting of advertising funds spent on a product by product basis. | The alleged fact is undisputed. |

2

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| 4.    From 2014 through 2021, Plaintiff spent a total of ▮▮▮▮ on advertising for all of its products combined.<br><br>Karish Dec., Exh. E (Advertising and Sales Info), at PX002811-PX002825. | Disputed that the advertising figure included "all" of Plaintiff's products. Wilson Decl., ¶ 6. | Plaintiff's cited evidence does not relate to the total spent on advertising for all of its products combined. |
| 5.    There is no U.S. trademark registration for the product configurations in any of the OT1739, OT1769, OT898, OT899, OT1703, and OT1540 products.<br><br>Karish Dec., ¶ 10. | Undisputed. | |
| 6.    Plaintiff has U.S. Trademark Registration 4,729,340 on the | Undisputed. | |

3

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| supplemental trademark register for a design similar to its OT836 products. Dkt. No. 42 (Second Amended Complaint) at ¶ 35. | | |
| 7.    There is no evidence of any actual confusion with regard to any of the accused products and any of Plaintiff's products.<br><br>Karish Dec., Exh. A (Opulent Deposition Transcript), at 160:14-18; Karish Dec., Exh. D (Ya Ya Creations Deposition Transcript) at 127:9-15. | Undisputed. | |
| 8.    Prior to this lawsuit, Plaintiff never marked its products with any indication that | Karish Dec., Exh. A (Opulent Deposition Transcript), at 168:4-169:20. | Plaintiff cited to no evidence that it ever "marked its products with any indication that |

4

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| the shape of the product is alleged to be a trademark.

Karish Dec., Exh. A (Opulent Deposition Transcript), at 168:4-169:20. | Partially disputed. Disputed as to the ambiguous references to "shape" and "indication". Undisputed that, prior to this lawsuit, Plaintiff did not put the U.S. Registration Numbers of Plaintiff's federally registered trademarks for Plaintiff's designs on Plaintiff's products. | the shape of the product is alleged to be a trademark." |
| 9.    Prior to this lawsuit, Plaintiff never marked its product packaging or labels with any indication that the shape of the product is alleged to be a trademark.
Karish Dec., Exh. A (Opulent Deposition Transcript), at 169:22-170:2. | Karish Dec., Exh. A (Opulent Deposition Transcript), at 169:22-170:2.

Partially disputed. Disputed as to the ambiguous references to "shape" and "indication". Undisputed that, prior to this lawsuit, Plaintiff did not mark its product packaging or labels with the U.S. | Plaintiff cited to no evidence that it ever "marked its packaging or labels with any indication that the shape of the product is alleged to be a trademark." |

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| | Registration Numbers of Plaintiff's federally registered trademarks for Plaintiff's designs. | |
| 10.    Prior to this lawsuit, Plaintiff never had any indication on its website pages for any of the OT1172, OT1739, OT1769, OT898, OT899, OT1703, OT1540 and OT836 products that the shape of the product is alleged to be a trademark.

Karish Dec., ¶ 11. | Partially disputed. Disputed as to the ambiguous references to "shape" and "indication". Undisputed that, prior to this lawsuit, Plaintiff did not include the U.S. Registration Numbers of Plaintiff's federally registered trademarks for Plaintiff's designs on Plaintiff's website pages. | Plaintiff cited to no evidence that it ever "had any indication on its website pages for any of the OT1172, OT1739, OT1769, OT898, OT899, OT1703, OT1540 and OT836 products with any indication that the shape of the product is alleged to be a trademark." |
| 11.    Lamps Plus and others were selling similar products since at least 2014.

Karish Dec., Exh. G | Partially disputed, as to the following: Disputed as to the ambiguous reference to "others." Undisputed that Lamps Plus created and sold infringing products since | A review of Karish Dec., Exh. G at YYC708 shows another party selling a similar product in 2014. |

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| (July 31, 2014 U.S. Patent and Trademark Office action issued during prosecution of Opulent Treasures' U.S. Trademark No. 4,729,340 (on the secondary register)) at YYC00695-YYC00708. | 2014, and as a result, Plaintiff sued the company.<br><br>Karish Dec., Exh. H (Opulent's First Amended Complaint against Lamps Plus filed on June 9, 2022) at 14-19 | |
| 12.    Lamps Plus continued selling their products up through 2022. Karish Dec., Exh. H (Opulent's First Amended Complaint against Lamps Plus filed on June 9, 2022) at 14-19. | Undisputed. | |
| 13.    Ya Ya Creations' CHDLR_045 products were sold in 2017 and Plaintiff's U.S. | Undisputed. | |

7

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| Trademark Reg. No. 5,912,235 registered on November 19, 2019. Karish Dec., Exh. I (Schedule 1 to the Report of Opulent's Expert Witness Shelly Irvine), p. 1; Dkt. No. 42-1 at p. 4. | | |
| 14.    Opulent Treasures did not serve a rebuttal report to the report of Ya Ya Creations' Expert Dr. Sara Parikh and did not take Ms. Parikh's deposition.<br><br>Karish Dec., ¶ 13. | Undisputed | |
| 15.    Plaintiff has never had any design patents covering any of the product shapes at issue. | Undisputed | |

8

| Allegedly Undisputed Fact and Evidence: | Plaintiff's Response/ Evidence: | Response to Plaintiff |
|---|---|---|
| Karish Dec., Exh. A (Opulent Deposition Transcript), at 160:22-161:2. | | |

Plaintiff did not introduce any additional facts.

Respectfully submitted:

KARISH & BJORGUM, PC

Date: March 28, 2023                    By:  _/s/ Marc Karish_____
                                        Marc Karish
                                        Attorneys for Defendant
                                        And Counterclaim Plaintiff
                                        YA YA CREATIONS, INC.

9

# CERTIFICATE OF SERVICE

A copy of Defendant Ya Ya Creations, Inc.'s Response to Statement of Genuine Disputes of Material Fact In Support of Its Motion for Summary Judgment was served upon the parties to this matter via the Court's CM/ECF system and via email on March 28, 2023.

*/s/ Marc A. Karish*

DEFENDANT YA YA CREATIONS, INC.'S RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT